This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas Harris, appeals from the decision of the Lorain County Court of Common Pleas, granting summary judgment to appellee, the City of Lorain ("the City"). We affirm.
{¶ 2} On May 19, 1997, Mr. Harris was discharged from his employment with the City of Lorain Parks Department. As pertinent, Mr. Harris had been terminated due to pending criminal charges relating to his employment. As a result, Mr. Harris filed a grievance against the City under his collective bargaining agreement. Pursuant to the collective bargaining agreement, an arbitration hearing was held in 1997 regarding Mr. Harris' termination from his employment. Following the hearing, the arbitrator held that, at that point in time, the charges against Mr. Harris were merely allegations and Mr. Harris had not yet been proven guilty of any charges. The arbitrator held that Mr. Harris was to be reinstated to his former position with the City and, also, was to receive the payment of all lost wages and benefits.
{¶ 3} On May 4, 1998, Mr. Harris was convicted of complicity to theft in office. Following the conviction, Mr. Harris was again terminated from his position with the City of Lorain Parks Department on July 22, 1998. On April 9, 2001, Mr. Harris filed a complaint, seeking to enforce the 1997 arbitration decision and to recover back employment wages and costs.
{¶ 4} On January 31, 2002, the City filed a motion for summary judgment. In response, Mr. Harris filed a brief in opposition and a cross-motion for summary judgment. On April 2, 2002, the City filed a brief in opposition to Mr. Harris' motion for summary judgment. On June 19, 2002, the trial court granted the City's motion for summary judgment. This appeal followed.
{¶ 5} Mr. Harris raises two assignments of error. We will consider them together to facilitate review.
 First Assignment of Error
{¶ 6} "THE COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION OF DEFENDANT FOR SUMMARY JUDGMENT."
 Second Assignment of Error
{¶ 7} "THE COURT ERRED IN NOT GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT."
{¶ 8 } In the first and second assignments of error, Mr. Harris asserts that the trial court erred in granting the City's motion for summary judgment and in denying his motion for summary judgment. We disagree.
{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 10} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 11} Appellate review of a trial court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion.Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
{¶ 12} In support of the motion for summary judgment, the City submitted an affidavit of George Koury, the City's Safety and Service Director. In the affidavit, Mr. Koury stated that, on March 5, 1997, Mr. Harris was indicted for complicity to theft in office and that, on May 19, 1997, Mr. Harris was discharged based upon the theft charge. Mr. Koury stated that Mr. Harris was a member of a union and was governed by a collective bargaining agreement. Pursuant to the agreement, Mr. Harris filed a grievance and an arbitration hearing was held on October 3, 1997. Mr. Koury referred to the arbitrator's decision which he attached to the affidavit, acknowledging that the arbitrator found that the City had not proven that Mr. Harris was guilty of the charge against him. The arbitrator ruled that Mr. Harris be reinstated to his position together with all lost wages and benefits. Mr. Koury stated that, in compliance with the arbitrator's ruling, Mr. Harris received pay and benefits through July 22, 1998.
{¶ 13} In the affidavit, Mr. Koury stated that, on May 4, 1998, Mr. Harris was found guilty of complicity to theft in office. Mr. Koury referred to an opinion issued by the City Law Director which he attached to the affidavit. The opinion indicated that Mr. Harris had been found guilty of a criminal charge. Mr. Koury stated that, pursuant to this opinion, he fired Mr. Harris on July 22, 1998. Mr. Koury further stated that, with regard to being terminated for the criminal conviction, Mr. Harris did not file a grievance pursuant to his collective bargaining agreement.
{¶ 14} In the brief in opposition to the City's motion for summary judgment and Mr. Harris' cross-motion for summary judgment, Mr. Harris asserted that he must be reinstated to his former position pursuant to the 1997 arbitration ruling. Mr. Harris did not point to any evidence in the record of the type listed in Civ.R. 56 but, rather, asserted that his July 22, 1998 termination was improper. He also generally asserted that his termination was barred under the principles of res judicata and collateral estoppel. In response, the City noted that Mr. Harris' July 22, 1998 termination was based on new facts and was for a different reason than his prior termination, specifically a theft conviction. The City argued that the theft conviction was factually different from the allegation of theft which was the basis for the 1997 termination.
{¶ 15} Under the doctrine of res judicata, a final and valid judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Holzemer v. Urbanski (1999),86 Ohio St.3d 129, 133, quoting Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 382. "Res judicata bars litigation of all claims which were or might have been litigated in the first lawsuit." Valley ViewHomes, Inc. v. Baker, 7th Dist. No. 01 JE 14, 2002-Ohio-2794, ¶ 14, citing Grava, 73 Ohio St.3d at 379. Further, collateral estoppel bars a party from relitigating a fact or point that was actually and directly at issue in a previous action and was passed upon and determined by a court of competent jurisdiction. Ft. Frye Teachers Assn., OEA/NEA v. StateEmp. Relations Bd., 81 Ohio St.3d 392, 395.
{¶ 16} After reviewing the evidence, even if we assume that Mr. Harris properly raised the doctrines of res judicata and collateral estoppel, it is clear that the doctrine of res judicata does not apply because the termination of Mr. Harris based upon a theft conviction was not the subject matter of the arbitration hearing and could not have been addressed in the arbitration hearing. Further, the doctrine of collateral estoppel is not applicable because Mr. Harris' termination for the theft conviction was not an issue that was actually and directly at issue in the arbitration hearing. The principles of collateral estoppel and res judicata were not applicable to the present case and did not bar the City from terminating Mr. Harris for his conviction and, thereafter, moving for summary judgment on Mr. Harris' claim.
{¶ 17} Moreover, although Mr. Harris argued in his motion that his termination based upon his conviction was improper, specifically asserting that the City improperly determined that he was disqualified from holding his former position, such argument was not at issue in the present case. Mr. Harris did not file a complaint with regard to his termination for a theft conviction nor did he submit a grievance to arbitration pursuant to the collective bargaining agreement relating to his termination for the conviction. Rather, he filed a complaint to enforce the 1997 arbitration agreement which held that the City improperly discharged Mr. Harris for having a charge of theft pending against him.
{¶ 18} Summary judgment was properly granted to the City. In addition, the trial court did not err in denying Mr. Harris' motion for summary judgment. Mr. Harris' assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. and BAIRD, J., CONCUR.